JDN

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Heilscher, | No. CV 06-1779-PHX-DGC (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

In this civil rights action brought by a former county jail inmate, Defendant Sheriff Joseph Arpaio moved to dismiss for lack of exhaustion (Doc. #8). The Court will grant Defendant's motion.

**I. Background**

In his Complaint, Plaintiff alleged that Defendant violated his constitutional rights by housing him in an overcrowded cell, which, combined with 23-hour lockdown for more than 15 days, resulted in an assault on Plaintiff by another pretrial detainee (Doc. #1). The Court ordered an answer, and Defendant filed a Motion to Dismiss (Doc. ##4,8).

In his motion, Defendant contended that Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. #8). In support, Defendant submitted the affidavit of Zelean Tademy, a Sergeant assigned to the Inmate Hearing Unit (Id., Ex. 1). Tademy attested that inmates are notified of the grievance procedure at the jail when they receive a copy of the "Rules and Regulations for Inmates" (Tademy Aff. ¶ 5). Tademy further attested that the Inmate Grievance Form

also contains standard language that informs inmates of the steps in the grievance process (Id. ¶ 6). According to the sheriff's office records, Plaintiff did not file any grievances during his confinement at the jail (Id. ¶ 8). Defendant also submitted a copy of the Inmate Grievance Procedure, Policy DJ-3, and a copy of the "Rules and Regulations for Inmates" (Exs. A-B, Doc. #8).

The Court issued an order informing Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendant's contentions (Doc. #9). In response, Plaintiff asserted that he did not exhaust his administrative remedies because the medication he took – as a result of the head injury he suffered during the assault – left him drowsy and sleepy (Doc. #10). He alleged that this medically induced state prevented him from filing any grievances (Id.). Plaintiff argued that he was not provided a copy of the "Rules and Regulations" upon entrance to the jail and was therefore unaware of the grievance process. Plaintiff further argued that he was released from the jail a few days after the assault; thus, he was unable to file a grievance (Id. at 2).

## II.  Legal Standard

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). Contrary to Defendant's contention, compliance with the PLRA exhaustion requirement as to some, but not all, claims does not warrant dismissal of the entire action. Jones v. Bock, ___ U.S. ___, 2007 WL 135890 at *14-*15 (Jan. 22, 2007).

Exhaustion is an affirmative defense. Id., at *8-*11. Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b)

1 motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-
2 20.  Further, a court has broad discretion as to the method to be used in resolving the factual
3 dispute.  Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th
4 Cir. 1988) (quotation omitted).

5 **III. Analysis**

6       As stated, Defendant bears the burden of proving lack of exhaustion and therefore
7 must demonstrate that there were remedies available to Plaintiff.  See Wyatt, 315 F.3d at
8 1119; Brown, 422 F.3d at 936-37.  Defendant submitted evidence that a grievance system
9 was available at the jail for Plaintiff's claims (Exs. A-B, Doc. #8).   Defendant also
10 demonstrated that the jail had no record of grievances filed by Plaintiff (Tademy Aff. ¶¶ 7-9,
11 Doc. #8).

12       In his Complaint, Plaintiff conceded that there were administrative remedies available
13 at the jail for his claim, but he stated that he did not submit a grievance because he "was
14 unclear of [his] constitutional rights" (Doc. #1 at 4).  Plaintiff asserted in his response
15 memorandum that he did not know about the grievance forms (Doc. #10 at 1).  These
16 assertions are inconsistent.

17       Plaintiff also claimed that he was unable to file a grievance because he was
18 transferred.  A transfer between two different systems may possibly render remedies
19 unavailable.  See, e.g., Bradley v. Washington, 441 F. Supp. 2d 97, 102-03 (D. D. C. Aug.
20 2, 2006) (denying motion to dismiss for lack of exhaustion where inmate was transferred
21 from jail to federal system, and jail's grievance procedures made no provision for submission
22 of complaint for persons no longer detained in the jail).  Plaintiff, however, has not submitted
23 any specific allegations regarding the reasons why he could not start the grievance process
24 before his transfer. Moreover, while Plaintiff left the Towers Jail a few days after the March
25 2006 incident, the record demonstrates that he remained in the Maricopa County Jail system.
26 Plaintiff filed this action in June 2006 when he was housed at the Fourth Avenue Jail, and
27 Plaintiff notified the Court of his transfer to the Arizona Department of Corrections two
28 months later (Doc. ##1, 3).  Plaintiff's allegations are insufficient to demonstrate that his

1 ability to file a grievance was in fact impeded by his transfer to another jail facility.

2 Finally, although Plaintiff claimed that medication he took left him drowsy or sleepy, he did not explain how being drowsy would have completely inhibited his ability to file a grievance. Plaintiff failed to describe whether he made any attempt to grieve his claim. Without more specific allegations, Plaintiff cannot overcome Defendant's evidence showing that a grievance system was available at the jail for Plaintiff's claim.

Based on the record before the Court, Plaintiff failed to exhaust available administrative remedies for his claim of overcrowding at the jail. Accordingly, Defendant's motion will be granted and Plaintiff's action will be dismissed without prejudice.

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #8) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 26th day of February, 2007.

David G. Campbell
United States District Judge